# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**LARRY WAYNE WEATHERS**                                                                      **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:24-CV-P36-JHM**

**COMMONWEALTH OF KENTUCKY** *et al.*                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff is incarcerated as a pretrial detainee at Marion County Detention Center. He sues the Commonwealth of Kentucky ("Commonwealth") and Five Star Food Mart ("Five Star"). He alleges that the Commonwealth "capital conspirous" with Five Star. He specifically alleges as follows:

> Plaintiff states and or alledges the Commonwealth of Kentucky acting under Color of State of law Deprived Rights garenteed by the Constitution of the United States and/or Five Star [] acting with Commonwealth of Kentucky and that's what lead to these deprevations against the Constitution of the United States!! Ex-Post Factoes laws!!! Plaintiff states that he has the right to Attorney first via KRS 202A.006 Kentucky's mental health and hospitalization "Act" transfer to agency of the United States, see Open Records Act at Eastern State Hospital, Lexington, KY. Open records will show out-patient since 1990's and does have right to attorney KRS 202A.121.

In the "Relief" section of the complaint form, Plaintiff writes "'Americans Disabilities Acts' put attorney on this U.S. Compensation laws All conspiracys." On the last page of the complaint form, he also writes, "Right to attorney First KRS 202A.121 See Ky Mental Health and Hospitalization Act 14th Amendment Equal Protection of the that law!!! Due Process."

Plaintiff attaches to the complaint a document which ostensibly lists the four criminal cases proceeding against him in Washington County District Court. The document is titled "Motion for a Fast and Speedy Trial." He also attaches copies of "Commitment Orders" from his state-court criminal actions which are dated December 18, 2023, and which command the Marion County Jailer to take custody of Plaintiff. Plaintiff states that these orders are "exhibits" of conspiracy.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural*

*Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Commonwealth of Kentucky

A state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, a state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, Inc., 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (l978). In enacting § 1983, Congress did not intend to override the traditional sovereign

immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)). Theus, the claims against the Commonwealth will be dismissed for failure to state a claim upon which relief may be granted.

### B. Five Star Food Mart

Plaintiff seems to allege that Five Star conspired with the Commonwealth to violate his constitutional rights. The Court first observes that Plaintiff does not allege that Five Star is a "state actor" for purposes of § 1983. However, even if Plaintiff could show that Five Star was a state actor, the complaint fails to state a claim against it for conspiracy.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged co-conspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity; vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegation of conspiracy is wholly conclusory. He alleges no facts that indicate that Five Star conspired, or formed a plan with, the Commonwealth to violate Plaintiff's

constitutional rights. Thus, the Court will dismiss Plaintiff's claim against Five Star for failure to state a claim upon which relief may be granted.

### C. *Younger* Abstention

Finally, it appears that Plaintiff is asking the Court to order that an attorney be appointed to represent him in his state-court criminal actions under Ky. Rev. Stat. 202A.121. This statute requires a state court to appoint an attorney for a person who has been detained pursuant to Ky. Rev. Stat. 201A.041, which provides the process for the involuntary hospitalization of the mentally ill. It appears that Plaintiff believes he is being detained in Marion County Detention Center pursuant to this statute and not because criminal charges are pending against him.

Nonetheless, this Court must abstain from interfering in Plaintiff's state-court actions under *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)). The Commonwealth of Kentucky has an important interest in adjudicating Plaintiff's criminal actions, and Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including the Kentucky state appeals process.

In light of the available avenues through which Plaintiff may raise constitutional challenges to decisions made in his state-court criminal proceedings, this Court will not interfere in those actions.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: February 15, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.011